FILED
U.S. DISTRICT COURT
UNITED STATE DISTRICT COURT DISTRICT OF NEBRASKA

FOR THE DISTRICT OF NEBRASKA 2008 SEP -8 AM 11: 30

OFFICE OF THE CLERK

JOHN ZAPATA, an individual )
JOHN ZAPATA, an individual as assignee. )
Plaintiff, )
) CASE NO. 4:08cv3189
V. )
)
CHRIS PARFITT, an Individual DUGAN AND )
PARFITT, P.C., a Professional Corporation )
Individual Does 1 through 100 )
)
Defendants, )
)

## COMPLAINT

### COMMON ALLEGATIONS

1.  The Plaintiff, John Zapata is serving as his own attorney and complains against the Defendants as follows:

2.  JOHN ZAPATA is an individual residing in the State of Nebraska and is also the assignee of the MWE Services, Inc. claims against all defendants.

3.  MWE Service, Inc. is a corporation organized under the laws of the State of Nebraska, with its principal place of business in Lincoln, Nebraska.

4.  Defendant "Dugan and Parfitt, PC" (Dugan) is a Professional Corporation organized under the laws of the State of Michigan, with its principal place of business in Troy, Michigan licensed to practice law in the State of Michigan

5.  This action originally involves the poor representation, over billing and malpractice of the work performed by the Defendants on behalf of the Plaintiff.

6.  The true names or the capacities whether individual, cooperate, associate or otherwise of cross-defendants sued herein as Does 1 through 100, inclusive, are

1

unknown to the Plaintiff, who therefore sues said cross-defendant by said fictitious names. Complainant will amend their complaint to show such true names and capacities when they have ascertained the same.

7.  At all times herein mentioned, defendants, and each of them, were the agents, servants and employee's of the other cross defendants and in doing the things hereinafter mentioned, were acting in the scope of their authority as such agents, servants, employees and were acting with the permission and consent, express or implied, of their co-defendant.

## JURISDICTIONAL ALLEGATION

8.  Plaintiff brings this action in the U.S. District Court which has jurisdiction of this action pursuant to 28 U.S.C. Section 1332. Plaintiff hereby alleges that his state of citizenship is diverse from that of each of the defendants named herein, and that the amount in controversy exceeds the sum or value of $75,000. Defendants are residents of the Michigan and Plaintiff John Zapata is a resident of the State of Nebraska.

9.  As a direct and proximate cause of said breach, Plaintiff have been damaged in an amount which has not been determined with specificity, but which plaintiff believes exceed the jurisdictional limit of this court. Said damages are expressly, and Plaintiff will seek leave to amend this complaint when said damages have been ascertained.

## FIRST CAUSE OF ACTION

### (Malpractice, Fraud by over billing, all defendants)

10. Plaintiff incorporates paragraphs 1 through 9 by reference as though set forth herein in their entirety.

11. Prior to April 17, 2006, Plaintiff contacted Defendant and asked

2

Defendant questioned Defendant experience in dealing on issues regarding Trust Funds and Pension contributions with the Labor Union.

12. Plaintiff was informed by the Defendants that they had handled many cases involving Trust funds issue. Plaintiff was assured by the Senior Partner in the law firm (Chris Parfitt) that he a substantial amount of experience and that he personally would try the case.

13. When Plaintiff appeared to go to trial, it was the associate Matthew C. Herstein, the associate attorney for the Defendant, who had never handled a matter of this nature let alone tried one before the court was going to be the attorney trying the case.

14. Do to the lack of inexperience both in handling this type of matter and never have tried a case prior to the underlying case between Plaintiff and the Trust Fund, Plaintiff had no choice but to dismissed the Defendant Associate attorney from representing John Zapata personally

15. Doing the duration preceding the trial on the Trust Funds Issues, Defendant. On or about and commencing on April 17, 2006 Defendant overbilled the Plaintiff for work that could had been performed a lot less expensive to the Plaintiff had an experience attorney handled the matter.

16. Plaintiff relied on Defendants (Chris Parfitt) allegations that he personally would handle the case.

17. As a direct cause of defendants' fraudulent actions and misrepresentations to Plaintiffs and Plaintiffs reliance thereon, Plaintiff have been damaged in an amount which has not been determined with specificity, but which Plaintiff believes to be in excess of the jurisdictional limit of this court. Plaintiff will seek leave to amend this complaint to set forth said amount when same has been ascertained.

3

18.	The acts and omissions of the defendants described herein above were fraudulent, intentional, malicious and oppressive and therefore plaintiff seeks punitive or exemplary damages according to the law.

WHEREFORE, the Plaintiff prays for a judgment against Defendant in an amount proven at trial on all cause of action, together with and pre-judgment interest under the law, and the costs and expenses of this suit.

1. On all plaintiff's causes of action, for an award of money damages, in an amount to be determined at trial, to be trebled as provided by 18 U.S.C. ' 1964; and according to the law.

2. For plaintiff cost, including reasonable legal fees spent by Plaintiff and for Plaintiff time spent representing himself.

3. For such further relief as allowed by law and deemed just and equitable by this Court.

4. Against all defendants for damages according to proof on all cause of action.

5. For punitive and exemplary damages according to proof and the law.

Respectfully Submitted

Date: 

John Zapata
In Pro-Se
1935 Yolande Ave
Lincoln, NE 68521
402-475-1600
Fax-475-1966